# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**UNITED STATES OF AMERICA**                                                    **PLAINTIFF**

**V.**                                          **CIVIL ACTION NO. 2:15-CV-136-KS-MTP**

**VIVIAN L. WRIGHT**                                                   **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

For the reasons provided below, the Court **grants** Plaintiff's Motion for Default Judgment [6].

Plaintiff filed its Complaint [1] on October 13, 2015. It contends that Defendant is indebted to it in the amount of $71,515.14. Plaintiff provided a Certificate of Indebtedness [1-1] executed pursuant to 28 U.S.C. § 1746(2), which provides that Defendant executed a promissory note to secure a Direct Consolidation loan from the U.S. Department of Education in the amount of $63,543.27 on March 22, 2004 at 3.00% per annum. Pursuant to 34 C.F.R. § 685.202(b), $7,971.87 in unpaid interest was capitalized and added to the principal balance. Defendant defaulted on the loan on December 23, 2009. Plaintiff has received $6,801.00 in payments, and another $7,375.18 in interest has accrued through September 4, 2015 – bringing the total debt $78,890.32 as of that date.

By her default, Defendant admitted Plaintiff's well-pleaded allegations of fact. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). In addressing a motion for default judgment, the Court accepts the factual allegations of the Complaint as true. The entry of a default, however, "does not in itself warrant the

court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Id.* "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).

Accepting the allegations of the Complaint as true, the Court finds that there is sufficient basis to enter a default judgment against Defendant. Accordingly, the Court awards Plaintiff $78,890.32 in principal damages; prejudgment interest at the rate of 5.88% per annum from September 4, 2015, to the date of judgment; postjudgment interest at the rate provided by 28 U.S.C. § 1961; and costs and fees as provided by 28 U.S.C. § 2412. The Court will enter a separate final judgment.

SO ORDERED AND ADJUDGED, on this, the 18th day of March, 2016.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE
